Rockwell D. Colaneri, J.
The defendant was arrested and charged with violation of section 195.05 of the Penal Law obstructing governmental administration. A police officer sought entrance to defendant’s premises, which are licensed to *12 sell alcoholic beverages, in order to make an inspection pursuant to subdivision 15 of section 106 of the Alcoholic Beverage Control Law. The information recites that defendant stood in the officer’s way and stated: “ ‘ This is a private bar and your [sic] going to have to lock me up if you want to check my bar ’ ”, and did physically prevent the officer from making his inspection.
Defendant moves to dismiss the information on the grounds that it fails to allege matters which, if proven, would constitute a violation of the section of law upon which the charge is based. Defendant also contends that the information fails to specify the details of the inspection sought to be made.
This latter contention shows no merit. An information must allege a specific crime in terms sufficient to apprise the accused of what he stands charged, but need not set forth the elements which the People intend to prove at trial. The sole question, then, is whether .the conduct of defendant described in the information constitutes “ obstructing governmental administration ” within the meaning of section 195.05.
The law on this point revolves about the degree of affirmative action, if any, that must be shown on the part of a defendant to establish guilt. Clearly, 'an outright assault on an officer would constitute the crime charged.
One of the earliest cases to speak on this statute was People v. Fidler (280 App. Div. 698). In this instance, a contingent of truck drivers was asked by police to drive their trucks onto a scale for weighing. The drivers refused, took their keys out of the ignition switches, locked the doors to their trucks and refused to give the keys to the police. The court held (p. 704) that these actions, “ in their totality presented a factual pattern of events upon which a jury might be warranted in finding resistance and obstruction to the performance of public duty.”
The court’s dictum comment in this case (p. 704) is also significant, since it portended the line of judicial decisions to follow : “ It is unnecessary to do more in the case before us than to say that the refusal to drive the trucks on the scales was not itself a violation of any specified command of a statute and had there been a naked refusal to act, occcurring in isolation, this alone might not have been sufficient to" constitute a violation of section 1851. There could exist, on the other hand, circumstances where a mere refusal to act alone might become a resistantce or obstruction to a public officer in the performance of duty, or so a jury could find.”
The most comprehensive discussion of what constitutes behavior sufficient to establish guilt under this statute is found in People v. Knight (35 Misc 2d 216). In that case, there was a *13 group of demonstrators against the resumption of nuclear testing in the atmosphere. The defendant, one of the demonstrators, lay down on the sidewalk when told he was under arrest and had to be carried to the police wagon. The opinion reads (p. 222): “ The court finds that these defendants wilfully engaged in resisting police officers who were properly exercising their duties. Passive resistance is nevertheless resistance. To interfere and obstruct and delay within section 1851 of the Penal Law does not and need not require active resistance and force by the defendants. ‘ There could exist, on the other hand, circumstances where a mere refusal to act alone might become a resistance or obstruction to a public officer in the performance of duty, or so a jury could find.’ (People v. Fidler, 280 App. Div. 698, 704.) ”
The same conduct — passive resistance such that defendants had to be carried to police wagon — was also held to be a violation of section 195.05 in People v. Martinez (43 Misc 2d 94); and in People v. Clayton (55 Misc 2d 213, citing the Knight decision).
Finally, the Court of Appeals spoke on the matter in People v. Williams (25 N Y 2d 86), again in a case where the accused went limp and had to be carried away. The court decided (p. 90): “ The appellants’ refusal to act as directed was an obstruction to the police officers in the performance of their duty. Each of the appellants delayed his own arrest and necessarily the arrest of the others. Thus, notwithstanding the fact that the appellants’ resistance was passive, it nevertheless constituted resistance under section 1851 ”.
In light of the weight of decisions to the effect that passive resistance to the efforts and commands of a police officer constitutes ‘ ‘ obstructing governmental administration ’ ’, it seems only reasonable that the behavior alleged in the information — actively preventing the inspection — should be deemed sufficient to establish the guilt of the crime charged, if proven.
The court might note, by way of comment, that if the legality of the inspection sought here were challenged on constitutional grounds and subsequently not upheld, then defendant’s arguments would be persuasive. But since no such challenge is at issue here, the proposed inspection is presumed a valid exercise of a governmental function and any attempt to interfere must be ruled a crime.
Motion denied.