OPINION OF THE COURT
Renee A. White, J.
The defendant is charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), obstructing governmental administration in the second degree (Penal Law § 195.05), and attempted tampering with physical evidence (Penal Law §§ 110.00, 215.40 [2]), all class A misdemeanors. The defendant now moves pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) to dismiss the counts of attempted tampering with physical evidence obstructing governmental administration on the ground that the accusatory instrument is facially insufficient.
FACTS
The factual part of the accusatory instrument reads as follows:
"Deponent observed the defendant smoking a glass pipe containing a quantity of cocaine and states that when deponent approached defendant the defendant saw deponent and threw said glass pipe to the ground causing said pipe to break.
"Deponent further states that the above-described sub *520 stances are in fact what they are alleged to be based upon the following factors: professional training as a police officer in the recognition and identification of drugs, prior experience as a police officer and involvement in numerous drug related arrests and observation of the packaging used to contain the substance which is characteristic of this type of drug.”
The defendant alleges that the information is facially insufficient to support the charge of obstructing governmental administration. Specifically, the defendant contends that the language in the information is merely conclusory and contains no evidentiary facts establishing the essential elements of the crime.
APPLICABLE LAW
A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98 [1977].) To be facially sufficient the factual portion of an information must allege "facts of an evidentiary character” (CPL 100.15 [3]) demonstrating "reasonable cause” to believe the defendant committed the crime charged. (CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986].) The Court of Appeals in People v Alejandro (70 NY2d 133 [1987]) held that an information which fails to allege sufficient nonhearsay facts establishing every element of the offense is facially defective.
The purpose of requiring that a prima facie case be alleged in an information is based upon its unique function as the sole instrument upon which the defendant may be prosecuted. (People v Alejandro, supra.) In circumstances where the defendant is charged with a felony, the filing of the felony complaint is followed by either Grand Jury presentment or a preliminary hearing. In contrast, once the People file an information, they are not required to present any actual evidence demonstrating a prima facie case prior to trial. Therefore, the requirements for a facially sufficient information are more demanding.
Penal Law § 195.05 provides: "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, *521 whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service.” (Emphasis added.)
In People v Alejandro (supra), the Court of Appeals upheld the dismissal of a resisting arrest charge as it failed to allege any facts establishing that the underlying arrest was authorized, an essential element of the offense. Similarly, an essential element of the crime of obstructing governmental administration is that the alleged conduct of the defendant prevented a public servant from performing an "official function.” It is therefore necessary that the information allege that the official function was authorized. (People v Vogel, 116 Misc 2d 332 [App Term, 2d Dept 1982].)
A police officer’s job encompasses many different facets. "On the one hand the police are mandated to enforce the law; yet the extent to which this authorizes the police to investigate or to prevent a crime is ambiguous at best.” (People v De Bour, 40 NY2d 210, 218 [1976].) Among their functions are protection of constitutional rights, maintenance of order, control of traffic, mediation of domestic and noncriminal conflicts, and supplying emergency help and assistance. (Supra.) The present information fails to allege any evidentiary facts as to the nature of the officer’s "official function.” Absent such facts, the information cannot withstand the jurisdictional requirements as set forth in the CPL.
An information charging obstructing governmental administration also requires that the defendant’s alleged actions in preventing a public servant from performing an official function be by one of three methods: (1) intimidation, (2) physical force or interference, or (3) an independently unlawful act. (People v Jimenez, 138 Misc 2d 867 [Crim Ct, Bronx County 1988]; People v Stumpp, 129 Misc 2d 703, 704 [Dist Ct, Suffolk County 1985], affd 132 Misc 2d 3 [App Term, 2d Dept 1986].)
It is well established that mere words alone do not establish "physical force or interference” necessary to support the charge of obstructing governmental administration. (People v Clough, 43 AD2d 451, 454 [3d Dept 1974]; People v Ketter, 76 Misc 2d 698 [Crim Ct, Bronx County 1974].) It is apparent from the clear language of the statute, as well as case law, that the claimed interference must be accompanied by some physical act. (Matter of Tammy M., 108 Misc 2d 376 [Fam Ct, *522 Monroe County 1981].) The issue this court must address is whether the alleged conduct in destroying the crack pipe constitutes physical force or interference within the meaning of the statute.
The court finds that the statute contemplates direct physical force or interference. While the infliction of physical injury is not required, it is essential that the alleged conduct physically interfere with the officer’s official function. The requirement that the conduct be one of violence or physical interference or be independently unlawful was written into the statute to prevent this section from being an overly broad catchall for any behavior that might tangentially interfere with a government function
The Court of Appeals in People v Case (supra, at 102), discusses the proscribed conduct which would fall within its ambit as: "(1) an assault on a public servant who is engaged in the performance of his official duties, provided that the defendant’s intent is to prevent such public servant from performing an official function; (2) tampering with a motor vehicle of a housing inspector, provided that the defendant’s intent is to prevent such inspector from carrying out his official duties; and (3) engaging in disorderly conduct in the chamber of a legislative body with intent to obstruct the legislative session”.
The offense of obstructing governmental administration was "intended to make criminal conduct designed to interrupt or shut down administrative governmental operations.” (People v Offen, 96 Misc 2d 147, 151 [Crim Ct, NY County 1978].) Although the destruction of the crack pipe is certainly a physical act, the court finds that such action, as alleged, does not interfere with the official function of the arresting officer. To construe the language so liberally, as to include the conduct alleged in the information, would suggest that there would be no outer boundaries to the statute.
It would then follow that whenever any action taken by the defendant places an obstacle in the way of an arrest, the defendant would also be subject to an added charge of obstructing governmental administration. Such a practice was not the intended purpose of the statute.
Based upon the foregoing analysis, the court finds that the charge of obstructing governmental administration is facially insufficient and must be dismissed.
The defendant further contends that the accusatory instrument does not provide a factual basis to support the charge of *523 attempted tampering with physical evidence. The defendant argues that the information does not specifically state an official proceeding in which the evidence was about to be used, nor does it allege that the defendant believed that such a proceeding was about to take place. The People vigorously opposed the motion.
Penal Law § 215.40 (2) defines the crime of tampering with physical evidence as follows:
"A person is guilty of tampering with physical evidence when * * *
"2. Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person.” (Emphasis added.)
Penal Law § 215.35 (2) defines official proceeding as "[A]ny action or proceeding conducted by or before a legally instituted judicial, legislative, administrative or other governmental agency or official, in which evidence may properly be received.”
It is clear that the phrase "official proceeding” is not restricted to those proceedings which are actually pending at the moment that the evidence is allegedly tampered with, since the crime refers to both an existing or a "prospective” official proceeding. (People v Nicholas, 70 AD2d 804 [1st Dept, 1979].)
However, an essential element of the crime of tampering with physical evidence is that the defendant believed that the physical evidence is about to be produced or used in an official or prospective official proceeding and that the defendant intended to prevent such production or use. In People v Hall (48 NY2d 927-928 [1979]), the Court of Appeals dismissed an information charging harassment where it was alleged that the defendant " 'did strike, shove and otherwise subject [the complainant] to physical contact and threatened * * * physical harm’ ” but failed to specify that the conduct was done with " 'intent to harass, annoy or alarm’ ”. The court held that the conduct as alleged did not constitute a crime absent such an allegation.
Similarly, the court finds that absent an allegation that *524 the defendant believed the physical evidence was about to be produced or used in an official or prospective official proceeding and that he intended to prevent such production or use, the count of attempted tampering with physical evidence is jurisdictionally defective and must be dismissed.