*680 OPINION OF THE COURT
Harold B. Beeler, J.
Defendant herein, charged with one count of obstructing governmental administration in the second degree (Penal Law § 195.05) and resisting arrest (Penal Law § 205.30) following an incident involving his alleged swallowing of a single vial of crack/cocaine, moves, pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a), to dismiss the information for facial insufficiency.
The principal question presented by defendant’s motion is whether the mere act of swallowing contraband — in this case, drugs — to prevent or impede its recovery by the police, constitutes "physical interference” with a public servant as contemplated by Penal Law § 195.05. This court concludes that such conduct does amount to "physical interference” within the meaning of the "obstructing” statute, and holds, for the reasons that follow, that defendant’s motion to dismiss must therefore be denied.
The factual portion of this information alleges, in pertinent part, that "[o]n August 16, 1989, at about 1540 hours [3:40 p.m.] * * * in front of 301 East 119th Street in the County * * * of New York, the defendant * * * intentionally attempted to prevent a public servant from performing an official function by intimidation, physical force and interference * * * and intentionally attempted to prevent a police officer from effecting an authorized arrest * * * [in that djeponent [Police Officer M.. Schultz] * * * observed the defendant place one (1) vial of crack/cocaine in his mouth and then swallow the same. Deponent further states she broke her finger in an attempt to keep the defendant from swallowing the vial of crack. Finally the deponent states the defendant twisted his body and pulled his arms away, to keep from being handcuffed by the deponent.”
CPL 170.30 (1) (a) and 170.35 (1) (a) provide for the dismissal of a misdemeanor information when the instrument is not sufficient on its face pursuant to the requirements of CPL 100.40. Under CPL 100.40 (1), an information is sufficient on its face when "[t]he allegations of the factual part of the information, together with those of any supporting depositions * * * provide reasonable cause to believe that the defendant committed the offense [charged]”, and when such factual allegations "establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 *681 [b], [c]; see also, People v Alejandro, 70 NY2d 133.) In addition, "[t]he factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges.” (CPL 100.15 [3]; 100.40 [1] [a].)
Penal Law § 195.05 provides, in pertinent part, that "[a] person is guilty of obstructing governmental administration when he intentionally * * * prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act”. Pursuant to Penal Law § 205.30, "[a] person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.”
Initially, the court finds that, although there is no express statement in this information as to the precise nature of the "official function” allegedly obstructed by defendant, the allegation that this officer "attempted] to keep the defendant from swallowing the vial of crack” is sufficient to establish that said officer was engaged in the official police "function” of attempting to prevent the imminent disposal or destruction of contraband (see, e.g., People v Nicholas, 70 AD2d 804, 805). To the extent, however, that the obstructing charge is premised on defendant’s alleged use of physical force to prevent the officer from carrying out this "official function,” the allegations in support of said charge fail, in this court’s view, to meet the minimum sufficiency requirements of CPL 100.40.
Specifically, the court finds that the bare allegation in this information that the officer "broke her finger in an attempt to keep the defendant from swallowing the vial” fails to establish the necessary element of "physical force” in that there are absolutely no factual allegations connecting the officer’s injury to specific acts of force by this defendant. Indeed, aside from allegations concerning defendant’s subsequent forceful resistance to being handcuffed, the instrument is devoid of any reference whatsoever to defendant’s use of force against the officer (compare, People v Traynham, 95 Misc 2d 145).
The court holds, however, that the allegations in this information, while failing to establish defendant’s use of "physical force” to obstruct the officer, are nonetheless sufficient to establish defendant’s commission of obstructing governmental administration in that his allegedly swallowing contraband to *682 prevent or impede its recovery by the police is, by itself, a punishable act of "physical interference” under Penal Law § 195.05.
By its express terms, Penal Law § 195.05 does not prohibit all forms of interference, but requires that such interference "be, in part at least, physical in nature” (People v Case, 42 NY2d 98, 102). Thus, in Case (supra, at 102), the court, noting that "mere words alone do not constitute 'physical * * * interference’ ” for purposes of section 195.05, held that a motorist’s warning to other motorists over his C.B. radio as to the location of a police radar checkpoint did not amount to "physical interference” under the statute (see also, People v Longo, 71 Misc 2d 385 [defendant’s verbally disclosing true identity of undercover officer to target of investigation not "physical interference” under section 195.05]).
Put simply, "physical interference” under Penal Law § 195.05 requires a physical — as opposed to a merely verbal or communicative — act which affirmatively interferes with a public officer in the performance of his official duties (People v Case, supra).
The concept of "physical interference,” as it is used in Penal Law § 195.05 and in similar statutes prohibiting the obstructing of government officers in the performance of their duties, has been construed to require neither the use by a defendant of direct physical force against the officer, nor even any direct physical contact between the two (see, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 195.05, at 396 [1975 ed]; see also, Note, Types of Activity Encompassed by the Offense of Obstructing a Public Officer, 108 U Pa L Rev 388, 402-405; 33 NY Jur 2d, Criminal Law, §§ 1089, 1093, 1096; Model Penal Code §§ 208.30, 208.26, comments [Tentative Draft No. 8 1958]; United States v McDonald, 26 Fed Cas 1074, 1077).
Thus, "physical interference” might be found where a defendant "block[s] access * * * [by] closing a door in front of police or [by] straddling the doorway * * * actively concealfs] or removefs] persons or property * * * [or] refus[es] to obey orders * * * [by] remaining physically in an officer’s way.” (Note, Types of Activity Encompassed by the Offense of Obstructing a Public Officer, 108 U Pa L Rev 388, 405; see, e.g., People v Shea, 68 Misc 2d 271 [defendants’ "encircling” police officer and recent arrestee, enabling arrestee to flee officer’s custody, constitutes "physical interference” under section *683 195.05]; People v De Martino, 67 Misc 2d 11, 12 [defendant bar owner’s standing in police officer’s way to prevent inspection of bar and stating " ' "[you’ll] have to lock me up if you want to check my bar” ’ ”, constitutes offense under section 195.05]; Utah v Sandman, 4 Utah 2d 69, 286 P2d 1060 [defendant fisherman’s refusal to permit inspection of bait by game warden, and his attempt to dispose of same before game warden could inspect it, constitutes offense of obstructing officer in performance of his duty]; see also, United States v McDonald, supra, at 1077; but see, People v Simon, NYLJ, Nov. 3, 1989, at 23, col 4 [Crim Ct, NY County].)
In this court’s view, the intentional swallowing of contraband to prevent its confiscation by the police is a manifestly physical act which affirmatively interferes with a police officer’s duty to seize and preserve such contraband. Inasmuch as the information at bar properly alleges defendant’s commission of the offense of obstructing governmental administration by means of such "physical interference,” his motion to dismiss said charge must be denied.
Further, having thus established on the face of this information an authorized basis for defendant’s subsequent arrest (see, People v Alejandro, supra, at 135), the additional factual allegations concerning defendant’s intentional efforts to avoid being handcuffed are likewise sufficient to establish a "prima facie case” of resisting arrest under Penal Law § 205.30 (supra, at 137). Accordingly, defendant’s motion to dismiss said charge on facial insufficiency grounds is also denied.