OPINION OF THE COURT
William Garnett, J.
Is a police officer engaged in an "official function” as contemplated by Penal Law § 195.05, entitled "Obstructing governmental administration in the second degree”, when he or she is merely in uniform and on patrol?
By this information, the defendant is charged with assault in the third degree, criminal possession of a weapon in the fourth degree and obstructing governmental administration in the second degree.
*193 As part of his omnibus motion and pursuant to CPL 170.30 and 170.35, the defendant has moved to dismiss the count charging obstructing governmental administration for facial insufficiency.
In essence, the information alleges that the defendant assaulted a police officer who "was in uniform and on patrol performing lawful police duties”.
The defendant asserts that section 195.05 of the Penal Law requires that the People plead a specific official function which the defendant allegedly prevented or attempted to prevent by means of physical force or interference.
The People necessarily argue that any physical force or interference exerted against a police officer on routine patrol is per se an obstruction of an official police function. Thus, the argument continues any physical interference with a police officer while he or she is on duty, and not necessarily engaged in a specific activity, is proscribed by Penal Law § 195.05.
It is axiomatic that an information, to be legally sufficient and to therefore confer jurisdiction, must contain factual allegations which, in addition to establishing "reasonable cause” to believe the defendant committed the offense charged (CPL 100.40 [1] [b]), "establish, if true, every element of the offense charged” (CPL 100.40 [1] [c]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]).
Penal Law § 195.05 provides, in pertinent part, that: "A person is guilty of obstructing governmental administration when he intentionally * * * prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference”. The Practice Commentary observes: "Section 195.05 * * * is applicable to a person who intentionally impedes or defeats a governmental function.” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 195.05, at 395 [1975].)
The plain meaning of the statute and the accompanying commentary clearly demonstrate that the mens rea of this crime is an intent to frustrate a public servant in the performance of a specific function. The essence of the statute is the physical interference with the execution of an official activity rather than the nature of the physical act or its possible manifest consequences, i.e., physical injury. A person may or may not commit an assault on a public servant depending on the effects of the unjustified application of physical force. Likewise, an assault on a public servant may not entail the *194 obstruction of a governmental function if the public servant was not engaged in the performance of an official function at the time of the assault. The words of the statute clearly indicate that an essential element of this crime is the prevention or attempted prevention of a specific official function by a public servant.
This conclusion is buttressed by the fact that the current statute was designed to encompass various provisions of the former Penal Law which had proscribed interference with specific governmental functions. (See, former Penal Law §§ 196, 490, 1320, 1322, 1824, 1825, 1851; see, Matter of Walter S., 71 Misc 2d 1032 [Fam Ct, Queens County 1972].) Thus, the inclusion of these precise prohibitions in section 195.05 show that this new broad statute was fashioned to consolidate the scattered provisions of the former Penal Law into a comprehensive statute whose ambit includes all attempts to prevent the performance of official functions by physical force or interference.
The expensive scope of this statute has evoked concern that this law not become a "broad catchall”. (Hechtman, Practice Commentaries, op. cit., at 396; People v Case, 42 NY2d 98 [1977].) There has been additional anxiety that this statute would have "no outer boundaries” to its application. (People v Simon, 145 Misc 2d 518, 522 [Crim Ct, NY County 1989].) An example of this potential overreaching was a charge brought against a student who had become unruly during the dismissal of a class by a public school teacher. The court rejected the application of section 195.05 to this isolated incident as too severe. (Matter of Walter S., supra.) Thus, a narrow application of the plain and unambiguous language of the statute would heed the admonition that the statute not be transformed into a "catchall” for any physical contact with a public servant. This warning, in conjunction with the words of the statute, supports the contention that a public servant must be engaged in a specific action at the time of the physical interference, and not just on duty, in order to invoke section 195.05.
Section 195.05 is analogous to section 120.05 (3) of the Penal Law, assault in the second degree, in that this felony statute imposes strict liability on a person who causes physical injury to a police officer where that person acted with intent to prevent the performance of lawful duties. This Penal Law section requires that the assailant intend to prevent the performance of a lawful duty. (People v Kent, 143 AD2d 278 *195 [2d Dept 1988].) "Generally, intentionally preventing a public servant from performing an official function constitutes the class A misdemeanor of obstructing governmental administration in the second degree * * * However, if certain public servants * * * suffer physical injury as a result, the crime of assault in the second degree, a class D felony, may be charged.” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 120, at 451.) "[U]nder both section 195.05 and subdivision 3 of section 120.05 [of the Penal Law] a police officer or peace officer is protected in the performance of an official function of whatever kind.” (People v Coffaro, 52 NY2d 932, 934 [1981.) Thus, the Court of Appeals has equated "an official function” with a "lawful duty”. Therefore, the requirement that an officer be engaged in a lawful duty at the time of an assault to invoke the felony assault statute appears to be the same element contained in section 195.05 which prohibits the prevention of an official function.
Further support for the conclusion that a specific official function must be alleged in the factual portion of an information is derived from the requirement that the public servant’s action, i.e., official function, must have been lawful or authorized. (People v O’Connor, 257 NY 473 [1931]; People v Vogel, 116 Misc 2d 332 [App Term, 2d Dept 1982]; People v Stumpp, 129 Misc 2d 703, 704 [Suffolk Dist Ct 1985]; People v Ailey, 76 Misc 2d 589 [Buffalo City Ct 1974].) The trier of fact must be alerted to the official function which is alleged to have been prevented. Thus, facts must be pleaded which indicate that the activity was authorized or lawful under the circumstances. Absent such factual allegations, an essential element will have been omitted.
The vast majority of the reported cases which have interpreted section 195.05 of the Penal Law have dealt with the physical interference element of the statute. Despite this focus, the cases address the sweep of the statute and demonstrate its factual applications. In all of the cases where the invocation of the statute was sustained, there was some evidence of official activity at the time of the alleged physical interference or force. (E.g., People v Coffaro, supra [officer was executing a search warrant]; People v O’Connor, supra [interference with an arrest]; People v Vogel, supra [defendant attempted to free his brother from a police car]; People v Ravizee, 146 Misc 2d 679 [Crim Ct, NY County 1990] [officer attempted to prevent a defendant from swallowing a crack vial]; People v Jimenez, 138 Misc 2d 867 [Crim Ct, Bronx *196 County 1988] [defendant placed himself between police officer and another whom the police officer sought to question]; People v Stumpp, supra [inspection of premises for liquor law violations]; People v Alley, supra [defendant resisted arrest]; People v Shea, 68 Misc 2d 271 [Yonkers Ct of Spec Sessions 1971] [defendant with others encircled officers who were attempting to make an arrest]; People v De Martino, 67 Misc 2d 11 [Suffolk Dist Ct 1971] [officers were conducting inspection of licensed premises].) Thus, these cases indicate that a correct and proper use of section 195.05 necessitates a factual allegation that the officer was engaged in a specific official activity at the time of the interference. In People v Case (supra, at 102) the Court of Appeals delineated the conduct proscribed by this statute. Included within the parameters of the statute is "an assault on a public servant who is engaged in the performance of his official duties, provided that the defendant’s intent is to prevent such public servant from performing an official function.” (Supra, at 102.) Thus, the reported cases and the interpretation of the breadth of the statute by the State’s highest Court strongly intimate that an element of this crime is a defendant’s intent to impede the performance of a specific official function. Absent interference with such a specific function, the statute has not been breached. (People v Simon, supra, at 521.)
In summary, the language of the statute and the statute’s history, application and interpretation lead to the conclusion that an element of this crime is the prevention of a specific official function. Without the inclusion of evidentiary facts specifying an official activity, an information is legally insufficient.
In this information, the People rely upon the allegation that the officer "was in uniform and on patrol performing lawful police duties” to satisfy the requirement that the defendant intended to prevent an official function. This assertion is nothing more than a conclusion that the alleged victim was a police officer in uniform and on duty. This phrase does not satisfy the statutory element that the defendant must have intended to prevent a specific official function. Mere conclusory statements will not fulfill the pleading requirements of CPL 100.40 (1) (b), (c) and 100.15 (3). (People v Dumas, 68 NY2d 729 [1986].) In the absence of a factual allegation which specifically identifies the official function allegedly impeded, an information which merely recites an assault on a police *197 officer is facially insufficient to confer trial jurisdiction on a charge of obstructing governmental administration.
The requirement that the People plead a specific function is not an onerous burden. A police officer’s duties and responsibilities are multifarious. "Among [their] functions * * * [are] protection of constitutional rights, the maintenance of order, the control of * * * traffic, the mediation of domestic and other noncriminal conflicts and supplying emergency help and assistance.” (People v De Bour, 40 NY2d 210, 218 [1976].) Thus, the barest factual allegation of a police function would suffice to satisfy this element of the statute. The People’s contention in this case would lead to the conclusion that any physical contact with any public servant while on duty would constitute a criminal offense. Thus if an officer were kicked in the shin while simply walking his beat, a possible violation would be transformed into a class A misdemeanor. Such an interpretation of this statute goes beyond the reasonable purview of this law. If such an interpretation were adopted, it would be contrary to the language of the statute and incompatible with past applications of the statute. Further, enlarging the scope of the statute would ignore the admonition that this statute not become a "catchall” with "no outer boundaries”. Moreover, the necessity that the officer be performing a specific official function at the time of the physical interference would not result in the diminution of statutory protections for police officers. Officers are protected against physical attacks by the assault sections of the Penal Law. Acceptance of the People’s position would result in the creation of a crime not envisioned by the Legislature when it voted to enact section 195.05.
Therefore, in the absence of any factual allegation which specifies an official function with which the defendant allegedly interfered, this information does not pass muster as a legally sufficient accusatory instrument on the obstructing governmental administration charge.