OPINION OF THE COURT
Suzanne M. Mondo, J.
Defendant Noel Vargas is charged with obstruction of *237 governmental administration in the second degree.[1] He now moves to dismiss for facial insufficiency.
The accusatory instrument alleges that Detective Alfred Lorenz “[o]bserved the defendant holding marijuana which was burning in a public place in open public view.” It further alleges that Detective Lorenz “observed defendant throw said marijuana cigarette into the sewer by defendant’s feet and thereby prevent [the detective] from lawfully recovering it.”[2]
The defendant argues that the accusatory instrument is defective because there is “a failure of any allegation that the officer was engaged in a specific official function” with which the defendant’s disposal of a marihuana cigarette interfered. The defendant further argues that the accusatory instrument fails to charge him with engaging in “a physical act”, as required by the statute.
The People contend that the defendant’s actions interfered with the officer’s “performance of an official function, to wit: recovering the marijuana which the officer observed the defendant holding.” Further, the People argue, although the defendant did not engage in physical force, he did engage in physical interference, which suffices under the statute.
Penal Law § 195.05 provides: “A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service”.
In People v Case (42 NY2d 98 [1977]), the Court of Appeals clarified that where the “operative obstruction” is accomplished by interference, the interference alleged “must be physical *238 interference, as ‘physical’ modifies ‘interference’ in the statute.” (Supra, at 101.) The Court explained that u[t]he requirement that the conduct which constitutes an obstruction of governmental function be one of violence or physical interference or be independently unlawful is necessary in order to prevent the section from being an overly broad catchall.” (Supra, at 101-102 [emphasis in original] .)[3]
It is also necessary that the public servant “be engaged in a specific action at the time of the physical interference, and not just on duty, in order to invoke section 195.05.” (People v Joseph, 156 Misc 2d 192, 194 [Crim Ct, Kings County 1992]; see also, People v Lupinacci, 191 AD2d 589, 590 [2d Dept 1993] [“a defendant may not be convicted of obstructing governmental administration or interfering with an officer in the performance of an official function unless it is established that the police were engaged in authorized conduct”].) That is because “the mens rea of this crime is an intent to frustrate a public servant in the performance of a specific function.” (People v Joseph, 156 Misc 2d, at 193.) Thus, “[w]ithout the inclusion of evidentiary facts specifying an official activity, an information is legally insufficient.” (Supra, at 196.)[4]
There appear to be only two cases interpreting Penal Law § 195.05 in the context of defendants who were charged with obstructing governmental administration by preventing the police from recovering drugs in their possession.[5] Moreover, these decisions appear to conflict. In the first decision, People v Simon (145 Misc 2d 518 [Crim Ct, NY County 1989]), heavily relied on by the defendant, the information alleged that the officer observed the defendant smoking a glass pipe containing cocaine, and that when the officer approached the defendant, the defendant saw the officer and threw the glass pipe to the ground, causing the pipe to break. The court dismissed the count of obstructing governmental administration because the information “failfed] to allege any evidentiary facts as to the *239 nature of the officer’s ‘official function.’ ” (Supra, at 521.) Also, the court held that, although the destruction of the crack pipe was a physical act, “such action * * * does not interfere with the official function of the arresting officer.” (Supra, at 522.) The court reasoned that to include the action of destroying the pipe would be such a liberal construction of the statute that “there would be no outer boundaries to the statute.” (Supra.)
In the other decision, People v Ravizee (146 Misc 2d 679 [Crim Ct, NY County 1990]), relied on by the People, the information alleged that the officer observed the defendant place a vial of crack cocaine in his mouth and swallow it, and that the officer broke her finger in an attempt to prevent the defendant from swallowing the vial. The court found that, although there was no “express statement” in the information as to “the precise nature” of the official function the defendant obstructed, the allegation that the officer attempted to keep the defendant from swallowing the vial of crack was sufficient to establish that the officer “was engaged in the official police ‘function’ of attempting to prevent the imminent disposal or destruction of contraband”. (Supra, at 681.)
Reasoning that the concept of physical interference “has been construed to require neither the use by a defendant of direct physical force against the officer, nor even any direct physical contact between the two”, the Ravizee court held that the allegation that the defendant swallowed contraband to prevent or impede its recovery by the police “is, by itself, a punishable act of ‘physical interference’ under Penal Law § 195.05.” (People v Ravizee, supra, at 682 [citations omitted].)[6]
This court agrees with the Ravizee court that the physical interference need not consist of physical contact with the arresting officer. Thus, disposing of the marihuana into the sewer was a physical action. However, the facts in the instant accusatory instrument more closely resemble those in Simon (supra). Although in both Simon and Ravizee (supra) there was no express statement of what official function the officer was engaged in, the allegations in Ravizee indicated that the officer was in the process of retrieving drugs when the defendant swallowed the crack vial. In the instant matter, as in Simon, there is no indication of what activity the officer was engaged *240 in at the time the defendant disposed of the contraband. Thus, an essential element is lacking.
There is an additional problem with the instant accusatory instrument. As noted-above, obstruction of governmental administration requires an intent to prevent the officer from performing an official function. The instant accusatory instrument does not indicate the defendant’s intent in disposing of the alleged marihuana cigarette in the sewer.
In People v Palmer (176 Misc 2d 813 [Crim Ct, NY County 1998], supra), the accusatory instrument alleged that, when the officer commanded the defendant to stop, the defendant placed “ ‘a clear plastic bag containing a substance resembling marijuana’ ” into his mouth. (Supra, at 815.) The officer then ordered the defendant to spit out the bag, but he “ ‘continued chewing * * * and swallowed said substance.’ ” (Supra.) In sustaining the facial sufficiency of the charge of attempted tampering with physical evidence, the court found that the defendant’s actions were prompted by the approach of the officer, reasoning that “[d]efendant’s alleged action of eating a clear plastic bag containing alleged marihuana is comprehensible as rational conduct only if he feared the confiscation of the bag and its contents”. (Supra, at 817 [emphasis in original].)
In contrast, the instant defendant’s actions are capable of another interpretation. Since there is no allegation that the defendant disobeyed a police order, he may have dropped the alleged marihuana cigarette into the sewer because he had finished smoking it. Indeed, the defendant’s inquiry of the officer, “why are you bothering me?” and his statement that “all I was doing was smoking a joint” indicate that he may have thought that his conduct was innocuous and that he did not need to hide his actions.
Thus, because the information does not indicate that the defendant’s disposal of the marihuana cigarette was done in response to any action or order of the police officer, the allegations are insufficient to indicate that the defendant acted with an intent to obstruct the officer, an essential element of the crime.
Accordingly, the defendant’s motion to dismiss the information is granted.

. Originally, the defendant was also charged with criminal possession of marihuana in the fifth degree, but that charge was dismissed on July 21, 1998.

. The accusatory instrument alleges that the detective knew the substance to be marihuana based on his professional training, experience in drug arrests, the packaging and odor emanating from the substance, as well as the defendant’s statement that “all I was doing was smoking a joint, why are you bothering me?”

. In Case (supra), the accusatory instrument charged the defendant with sending a CB message to another motor vehicle to advise of the location of a highway radar speed checkpoint. The Court dismissed the information, finding it to be facially insufficient because the defendant’s interference was not physical. (People v Case, 42 NY2d, at 99.)

. The Joseph court indicated that “the barest factual allegation of a police function would suffice to satisfy this element of the statute.” (People v Joseph, supra, 156 Misc 2d, at 197.)

. Such defendants may instead (or in addition) be charged with tampering with physical evidence, in violation of Penal Law § 215.40 (2). (See, e.g., People v Palmer, 176 Misc 2d 813 [Crim Ct, NY County 1998].)

. The court found that the allegation that the officer broke her finger trying to retrieve the crack vial was not sufficient to establish that the defendant used physical force because “there are absolutely no factual allegations connecting the officer’s injury to specific acts of force by this defendant.” (People v Ravizee, supra, 146 Misc 2d, at 681.)