OPINION OF THE COURT
Deborah Kaplan, J.
The defendant is charged with obstruction of governmental administration in the second degree (Penal Law § 195.05), attempted tampering with physical evidence (Penal Law §§ 110.00, 215.40 [2]), and unlawful possession of marijuana (Penal Law § 221.05). The information alleges that Police Officer Douglas Strong observed the defendant smoking a marijuana “cigar” which was burning and that the officer recognized the cigar to be marijuana by reason of his prior experience and training as an officer, the appearance of the cigar and the odor emanating from it. The information further alleges that, as the officer approached the defendant, he observed the defendant place the marijuana cigar behind his back, break it into small pieces, and throw the pieces into a patch of mulch, “thereby preventing [the officer] from lawfully recovering said marijuana.” In his omnibus motion, the defendant seeks, inter alia, an order dismissing as facially insufficient the counts charging obstruction of governmental administration in the second degree and attempted tampering with physical evidence.
I. Obstruction of Governmental Administration Charge
The failure to establish a prima facie case in an information requires dismissal of the accusatory instrument. (See CPL 140.45.) A criminal court information is sufficient on its face if it contains nonhearsay factual allegations which, if true, establish every element of the crimes charged and provide reasonable cause to believe that the defendant committed them. (See CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].)
“A person is guilty of obstructing governmental administration [in the second degree] when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any other independently unlawful act * * * .” (Penal Law § 195.05.) Contrary to the defendant’s contention, the clear allegations of *733 the information, together with the reasonable inferences that can be drawn therefrom, establish that the defendant’s intent in concealing, mutilating and secreting the marijuana cigar was to interfere with an official function of the police officer.
The defendant’s reliance upon People v Vargas (179 Misc 2d 236 [Crim Ct, NY County 1998]) is misplaced. In Vargas, the information alleged merely that a police officer observed the defendant throw a burning marijuana cigarette into a sewer. That information was dismissed in part because it did not indicate that the officer was engaging in some "official function,” such as attempting to retrieve the contraband, when the defendant dropped it into the sewer. The court explained that, to charge a violation of Penal Law § 195.05, it is necessary to allege in the accusatory instrument the “specific action” that the officer was engaged in at the time of the alleged interference. Merely alleging that the officer was on duty is not enough. (See People v Vargas, supra at 238.) Moreover, the official function alleged must be authorized conduct. (See People v Lupinacci, 191 AD2d 589 [2d Dept 1993]; People v Simon, 145 Misc 2d 518 [Crim Ct, NY County 1989].) Those requirements were not met in People v Vargas (supra). Here, in contrast, the information established that Officer Strong was engaged in an official function and his conduct was authorized since it stated that he approached the defendant after observing him holding a burning marijuana cigar in public view, an act prohibited by article 221 of the Penal Law. The information in Vargas was dismissed for the further reason that the defendant’s intent was not clear from the facts alleged. The Vargas court ruled that the defendant’s actions, coupled with his asking the officer “why are you bothering me * * * all I was doing was smoking a joint,” could reasonably be construed as the simple disposal of the finished marijuana. (Id. at 240.) No such conclusion can be made where, as here, the facts allege that the defendant concealed, mutilated and secreted a marijuana cigar when an officer approached him.
Nor does People v Simon (supra), relied upon by the defendant, mandate a dismissal in this case. The information in Simon alleged that the defendant threw a glass crack pipe to the ground as a police officer approached, causing the pipe to break. The court found the information to be defective for failing to allege any facts as to the nature of the officer’s “official function” or to show that the defendant intended to break the pipe. Similarly, in People v McDonald (2002 NY Slip Op 50134[U] [Crim Ct, NY County 2002]), the court found that the *734 element of physical interference was not established by allegations that the defendant threw a bag of crack cocaine and a glass pipe to the ground, breaking the pipe, when the officer identified himself to him. The actions of the defendant did not demonstrate an intent to conceal the contraband or prevent its recovery. Rather, the McDonald court held that the defendant’s actions were consistent with an attempt to divest himself of possession of the property by abandonment. By contrast, the information in the instant case alleges that, as Officer Strong approached the defendant after seeing him holding a burning marijuana cigar, the defendant put the cigar behind his back, broke the cigar into small pieces, and threw it into a patch of mulch. These facts unequivocally demonstrate an intent on the part of the defendant to prevent the officer from retrieving the marijuana. Indeed, it would be unreasonable to infer from these allegations that the officer coincidentally approached the defendant at the same time the defendant decided to not only rid himself of the marijuana cigar but also to destroy it. The court notes that the instant information also alleges that when the codefendant was approached by another officer at about the same time, he stopped smoking the marijuana cigar he was holding, placed it in his mouth and swallowed it. (See also People v Ravizee, 146 Misc 2d 679 [Crim Ct, NY County 1990] [allegations that police officer broke a finger attempting to prevent defendant from swallowing vial of crack cocaine were sufficient to support charge of obstruction of governmental administration in the second degree].) For these reasons, the defendant’s motion to dismiss the count charging a violation of Penal Law § 195.05 is denied.
II. Attempted Tampering with Physical Evidence Charge
“A person is guilty of tampering with physical evidence when * * * (2) Believing that certain evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person.” (Penal Law § 215.40 [2].) “Official proceeding” is defined in Penal Law § 215.35 (2) as “any action or proceeding conducted by or before a legally constituted judicial, legislative, administrative or other governmental agency or official, in which evidence may be properly received.” The defendant argues that the instant information does not allege a prima -facie case of tampering with physical evidence in that *735 the mere approach of a police officer does not constitute “an official proceeding or a prospective official proceeding.” (Penal Law § 215.40 [2].) However, it is settled law that there need not be an actual or prospective official proceeding pending so long as an official proceeding “could readily have been contemplated” under the circumstances of the case. (See People v Santiago, 273 AD2d 488 [2d Dept 2000]; People v Johnson, 219 AD2d 865 [4th Dept 1995]; People v DeRue, 179 AD2d 1027 [2d Dept 1992]; People v Nicholas, 70 AD2d 804 [1st Dept 1979].) In the instant case, it could readily have been contemplated by the defendant, upon seeing the officer approach, that an official proceeding, i.e., an arrest and criminal prosecution for drug possession, was about to be commenced and that the marijuana cigar he was holding would be used as evidence. Indeed, the defendant’s conduct in concealing, mutilating and secreting the cigar allows for no other reasonable inference. (See People v Palmer, 176 Misc 2d 813 [Crim Ct, NY County 1998] [fleeing defendant swallowed bag of marijuana when officer ordered him to stop].) For these reasons, the defendant’s motion to dismiss the count charging a violation of Penal Law §§ 110.00 and 215.40 (2) is denied.
III. Conclusion
The defendant’s motion to dismiss the counts charging obstruction of governmental administration in the second degree and attempted tampering with physical evidence is denied in its entirety.
The defendant’s motion to suppress statements is denied since the People’s voluntary disclosure form indicates that they do not intend to offer any statement of the defendant at trial.