OPINION OF THE COURT
Marc J. Whiten, J.
The defendant, Paolo Berdini, is charged with a violation of Penal Law § 195.05 (obstruction of governmental administration in the second degree) and Penal Law §§ 110.00, 215.40 (2) (attempted tampering with physical evidence).
Defendant is charged with one count of each offense.
The defendant has moved by motion for the dismissal of the accusatory instrument for facial insufficiency.
The court has reviewed the defendant’s motion papers, the People’s response and all relevant statutes and case law, and, for the reasons discussed hereafter, decides the defendant’s motion as follows:
Dismissal for Facial Insufficiency
The accusatory instrument, in pertinent part, charges defendant with the commission of the aforementioned crimes on April 17, 2007 at about 18:30 hours in front of 132 West 4th Street in the County of New York, State of New York, under the following circumstances:
“Deponent states that deponent observed defendant at the above location exchange United States currency for one small object with an unapprehended individual.
“Deponent is informed by Officer Kelly Wheeler, . . . that when informant approached defendant and identified herself as a police officer, informant observed defendant put a small object containing a white substance in defendant’s mouth and swallow.”
An information is facially sufficient if it contains nonhearsay factual allegations of an evidentiary character which establish, if true, every element of the offense charged and defendant’s *223 commission thereof (CPL 100.15 [3]; 100.40 [1]; see People v Dumas, 68 NY2d 729 [1986]; see also People v Alejandro, 70 NY2d 133 [1987]). Where the factual allegations contained in an information “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading.” (See People v Casey, 95 NY2d 354, 360 [2000]; see also People v Konieczny, 2 NY3d 569 [2004].)
Obstruction of Governmental Administration in the Second Degree (Penal Law § 195.05)
“A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor’s intent that the animal obstruct governmental administration.” (Penal Law § 195.05.)
Under New York law, arrest for obstructing governmental administration requires probable cause to believe that (1) a person prevented or attempted to prevent another from performing a function, (2) the other person was a public servant, (3) the function was an official action authorized by law, and (4) the obstruction was sought to be accomplished by means of intimidation, force or interference. (See Diehl v Munro, 170 F Supp 2d 311 [2001].)
Among the above requirements, the most important for our purpose is the fourth element pertaining to the obstruction by means of intimidation, force or interference. The statute prohibiting obstruction of governmental administration requires that the alleged obstruction be accomplished by either (1) intimidation or physical force or interference, or (2) an independently unlawful act. (See People v Alston, 9 Misc 3d 1046 [2005]; see also People v Offen, 96 Misc 2d 147 [1978].)
The case law clearly establishes that, in similar cases as the one at bar, legal sufficiency lies in the allegation that either *224 contraband is involved, or an officer orders defendant to do or refrain from doing something. (See People v Offen, supra; see also People v Brito, 4 Misc 3d 1004[A], 2004 NY Slip Op 50661[U] [2004]; see People v Cameron, 3 Misc 3d 1105[A], 2005 NY Slip Op 50430[U] [2004].)
In the case at bar, there is no allegation that the small object was contraband, no allegation that the white substance was contraband, no allegation that the small object exchanged was the same object as the white substance which was consumed, and no allegation that the police officer directed defendant to do, or abstain from doing, anything with the small object or the white substance.
In the People’s response, they assert that the police had probable cause to seize the object that defendant swallowed, if it in fact contained illegal drugs. There is no allegation in the complaint that contraband was involved.
A review of all relevant case law reveals the necessity for a clearly stated allegation that contraband was involved or the issuance of an order by law enforcement to defendant to do, or refrain from doing, something which defendant disobeyed. For example, an information alleging that the police officer observed defendant smoking a marijuana cigar, and that defendant placed the cigar behind his back as the officer approached, broke it into small pieces, and threw it into a patch of mulch, was sufficient to charge the crime of obstructing governmental administration in the second degree because the alleged conduct demonstrated defendant’s intent to prevent the officer from retrieving the marijuana. (See People v Mercedes, 194 Misc 2d 731 [2003].)
Courts have held that the intentional swallowing of contraband to prevent its confiscation by the police was a manifestly physical act which affirmatively interfered with a police officer’s duty to seize and preserve such contraband. The court found that the information properly alleged defendant’s commission of the offense of obstructing governmental administration by means of such physical interference under section 195.05. (See People v Ravizee, 146 Misc 2d 679 [1990].)
Identifying oneself as a police officer, as is claimed in the instant case, cannot be equated with a direct order of an officer to a defendant to do or not do something. The complaint does not allege that an order was given to defendant to do or not to do anything with the object in his possession and that he refused to comply with that order. The plethoric number of cases deal *225 ing with that issue, where legal sufficiency was found, have one common denominator: defendant’s refusal to obey an officer’s order. (See People v Mitchell, 17 Misc 3d 1103[A], 2007 NY Slip Op 51805[U] [2007] [the accusatory instrument fails to indicate that the defendant’s alleged act of swallowing a ziploc bag containing crack cocaine was done in response to any action or order of (the police officer), the allegations are insufficient to establish intent, a crucial element of the crime]; see Matter of Quaniqua W., 25 AD3d 380 [1st Dept 2006] [juvenile refused to comply with officers’ directives to leave the station, screamed, cursed, flailed her arms, and struggled with officers, who were attempting to maintain order in the station, which was an official police function]; see also Allen v City of New York, 480 F Supp 2d 689 [2007] [prison correction officers had probable cause to arrest inmate for obstructing governmental administration, under New York law based on unchallenged claim that inmate disobeyed direct order to enter dormitory section of prison].) The information here does not support the charge of obstructing governmental administration.
Therefore, the defendant’s motion to dismiss the information based on the charge of obstructing governmental administration is granted.
Attempted Tampering with Physical Evidence (Penal Law §§ 110.00, 215,40)
“A person is guilty of tampering with physical evidence when:
“(1) With intent that it be used or introduced in an official proceeding or a prospective official proceeding, he (a) knowingly makes, devises or prepares false physical evidence, or (b) produces or offers such evidence at such a proceeding knowing it to be false; or
“(2) Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person.” (Penal Law § 215.40.)
A facially sufficient accusatory instrument charging defendant with tampering with physical evidence must allege that defendant, with intent to commit a crime, engaged in conduct that tended to effect commission of that crime, and specifically, *226 that defendant, believing that certain physical evidence was about to be produced or used in an official proceeding or prospective official proceeding, intended to prevent such production or use by concealment, alteration or destruction. (See People v Palmer, 176 Misc 2d 813 [1998].)
Defendant, in the case at bar, upon being approached by a plain-clothed officer who observed him purchasing a small object containing white powder, swallowed the object when the officer identified herself as a police officer. The complaint does not allege that the object was contraband nor did the police tell him he was under arrest or not to do anything with the small object. Even where defendant was arrested, a court concluded that a charge of attempted tampering with physical evidence was not supported by preliminary hearing evidence that, when approached by police officers and informed that he was under arrest, defendant removed glassine envelope from his pocket and put it in his mouth. (See People v Traynham, 95 Misc 2d 145 [1978].)
The most important aspect in this analysis lies in the definition of official proceedings. The Penal Law defines official proceedings to mean “any action or proceeding conducted by or before a legally constituted judicial, legislative, administrative or other governmental agency or official, in which evidence may properly be received.” (See Penal Law § 215.35 [2].) That definition indisputably refers to a forum broadly defined to include any legally constituted judicial, legislative or administrative proceeding.
This court finds sufficient evidence that the police officer herein, having observed defendant purchase a small object with a white powder, may have been engaged in an official proceeding, sufficient to comply with the statute, as she approached defendant and identified herself as a police officer.
The arrest and obtaining of evidence is clearly the tip of the spear of any prosecutorial proceeding. Therefore, any attempt to tamper with prospective evidence at such point must be actionable. Penal Law § 215.35 defines physical evidence as “any article . . . which is or is about to be produced or used as evidence in an official proceeding.” A defendant upon arrest is afforded certain rights under law regarding his handling, questioning and the use of any evidence collected from or relating to him, for use at any criminal proceeding. This court finds that the words “which is or is about to be” extend to the period of the arrest when defendant’s initial arrest related rights and *227 protections attach. However, the charge must be dismissed as the accusatory instrument fails to allege the defendant had knowledge of said “official proceeding” sufficient from the police identification, absent at the very least, a statement of the defendant’s arrest or further direction in some manner constraining defendant’s behavior.
The information as it stands, without more, does not support the charge of attempted tampering with physical evidence.
Accordingly, the defendant’s motion to dismiss the information based on the charge of attempted tampering with physical evidence is granted.