OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed, on the law, and new trial ordered.
Defendant was charged with obstructing governmental administration for attempting to free his brother from a police car after his brother had been arrested. At trial, defendant requested a jury instruction to the effect that he could not be convicted unless the jury found that the arrest of his brother was authorized. Such an instruction was not given.
In our view, the court erred in failing to give the requested instruction. Just as a defendant cannot be convicted of resisting arrest unless the People show that the arrest was lawful (see People v Stevenson, 31 NY2d 108; People v Harewood, 63 AD2d 876; People v Lyke, 72 Misc 2d *333 1046) so a defendant cannot be convicted of obstructing governmental administration for interfering with an officer in the performance of an official function unless it be proved that the official function was an authorized one (see People v O’Connor, 257 NY 473; People v Richter, 265 App Div 767; People v Ailey, 76 Misc 2d 589). When the official function involved is an arrest, it must be shown that the arrest was authorized. In this context, the issue of whether an arrest was authorized is for the jury and the jury must be clearly instructed that defendant cannot be convicted unless the arrest was authorized (see People v Harewood, supra). Since, in the instant case, the jury was not so instructed, a new trial is required.
We have examined defendant’s other contentions and find them to be without merit.
Farley, P. J., Slifkin and Widlitz, JJ., concur.