OPINION OF THE COURT
John A. Carroll, J.
The defendant is charged with obstructing governmental administration (Penal Law § 195.05). A nonjury trial was held. At the close of the trial the defendant moved for a trial order of dismissal (CPL 290.10). The parties submitted memoranda of law and the court reserved decision.
The defendant is the owner of a pub and has a license to make retail sales of alcoholic beverages on the premises. The People established at trial that a group of policemen, all in civilian dress, entered the premises during business hours on October 12, 1984. It was also established that the entry was made at approximately 10:45 p.m. It was also established that at some time after the initial entry by the plainclothes officers that several uniformed officers were also present. The officers were part of a team whose responsibilities include administrative inspections of liquor establishments in which alcoholic beverages are sold pursuant to Alcoholic Beverage Control Law § 106 (15). On the evening in question the police officers’ purpose in entering the pub were twofold; one, to check on one Thomas Catona, for whom a warrant had been issued; however, the primary purpose was to conduct an inspection pursuant to the aforestated statute. Although the policemen *704 were in plain clothes, their badges were visible via worn around the neck and carried in a wallet style. The defendant’s testimony indicated he knew that they were policemen upon their arrival. When the defendant subsequently asked for additional identification, testimony disclosed that it was provided.
One of the officers requested the defendant to make available the records of his purchases and sales, records which a retail licensee is required to keep, pursuant to Alcoholic Beverage Control Law § 106 (12), and on the premises where the alcoholic beverages are sold. Failure to make these records available during business hours is an offense under Alcoholic Beverage Control Law § 130. Defendant refused to make his records available to the police officers. The officers further requested records pertaining to his employees, and the defendant further refused to produce same.
The elements of the crime of obstructing governmental administration are (1) intent; (2) obstruction, impairment or perversion of the administration of law or governmental function, or preventing or attempting to prevent the performance of that function, by (3) intimidation, physical force or interference or, alternatively, by an independently unlawful act (People v Arvio, 66 Misc 2d 474).
A defendant cannot be found guilty of this offense unless the official function which the public servant was attempting to perform was authorized (People v Vogel, 116 Misc 2d 332). Defendant contends that although the police could inspect the premises of the defendant’s pub, they were not authorized to inspect any records which the defendant kept. The court disagrees. Alcoholic Beverage Control Law § 106 (15) reads in pertinent part that "retail licensed premises shall be subject to inspection by any * * * police officer * * * during the hours when the said premises are open for the transaction of business.” The power to inspect licensed premises has been held to include the books and records (Matter of Barski v State Liq. Auth., 285 App Div 996; see also, Matter of Finn’s Liq. Shop v State Liq. Auth., 31 AD2d 15, 17-18, affd 24 NY2d 647). Consequently, the police were engaged in an authorized governmental function in requesting the records of defendant’s business.
Because the sale of alcohol is a pervasively regulated industry (Colonnade Corp. v United States, 397 US 72), reliance upon inspections such as that attempted by the officers in the *705 case before the court is essential to effective enforcement of the statute (see, People v Hedges, 112 Misc 2d 632, 635). Consequently, the defendant’s failure to make available to the policemen the records of his purchases and sales of alcohol was an interference within the meaning of Penal Law § 195.05 (see, People v De Martino, 67 Misc 2d 11), as well as an independently unlawful act (Alcoholic Beverage Control Law § 130; see, People v Gaissert, 75 Misc 2d 478, 479; People v Longo, 71 Misc 2d 385, 390-391).
The People have established beyond a reasonable doubt the defendant’s commission of every element of the offense charged by legally sufficient evidence (CPL 70.20). Consequently, the defendant’s motion to dismiss is denied, and the court adjudges him guilty as charged.
Accordingly, this matter is set down for sentencing on June 25, 1985, at the First District Court, Hauppauge, New York, courtroom 401, at 9:30 a.m.