■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM STEVENSON, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J., at *Sandoval* hearing, trial and sentence), rendered November 13, 1987, convicting defendant, after jury trial, of two counts of attempted murder in the second degree, one count of assault in the first degree and two counts of assault in the second degree, and sentencing him to two terms of 8⅓ to 25 years' imprisonment on the attempted murder counts, 5 to 15 years on the first degree assault count and two terms of 2⅓ to 7 years on the second degree assault counts, said terms to run concurrently, unanimously modified, on the law, to the extent of reversing defendant's conviction for assault in the second degree under the fourth count of the indictment, vacating the concurrent sentence imposed thereon and dismissing that count of the indictment, and except as so modified, affirmed.

It is undisputed in this case that defendant repeatedly stabbed his wife, Robin Stevenson, thereby causing her serious and permanent injuries, and forced Talaya, her seven-year-old daughter—his stepdaughter—to fall out of a window. The principal question on this appeal is whether defendant was entitled to the requested charge of assault in the second

degree (Penal Law § 120.05 [4]), i.e., reckless assault, as a lesser included offense of assault in the first degree, i.e., intentional assault (Penal Law § 120.10 [1]). Defendant contends that the court should have granted his request so to charge, arguing that it was inherently inconsistent for the court to charge intoxication but not the lesser included offense of reckless assault arising out of that intoxication. *(See, People v Vasquez,* 104 AD2d 429, 430.)

To establish entitlement to a lesser included offense charge, the defendant must show (1) that the additional offense he seeks to have charged is a "lesser included offense", i.e., an offense of a lesser degree, and that it is theoretically impossible to commit the greater crime without also committing the lesser one and (2) that, in the particular case, there is a reasonable view of the evidence that would support a finding that he committed the lesser offense but not the greater. *(People v Glover,* 57 NY2d 61, 63.) While, in the circumstances presented, it was impossible to commit intentional assault without also committing reckless assault *(People v Green,* 56 NY2d 427, 435), and while evidence of intoxication may be considered as negativing the element of intent (Penal Law § 15.25; *People v Isrile,* 64 AD2d 536), we are of the view that there was insufficient evidence of intoxication for a reasonable person to entertain a doubt as to defendant's intent on that basis *(see, People v Orr,* 35 NY2d 829), and thus, as the People argued in opposing defendant's request for a charge on intoxication, no reasonable view of the evidence that defendant was intoxicated. Therefore, the issue of defendant's intoxication should not have been submitted to the jury, and the court's failure to charge reckless assault under the theory that defendant was intoxicated was not error and does not warrant reversal.

A social worker who had interviewed Robin at the hospital 10 days after the stabbing noted in her report that Robin had described defendant's condition at the time of the attack as a "drunken, jealous rage". Defendant sought to introduce Robin's characterization as a prior inconsistent statement to impeach her testimony that defendant was not intoxicated at the time of the attack and that she did not recall stating that he was in a "drunken, jealous rage". Over defense counsel's objection, the court admitted in evidence the entire report of the interview—in which Robin had expressed her feelings about the attack—not merely the one statement defendant

sought to have admitted.* The court instructed the jury that the social worker's statement "is received in evidence not for its truth, but to show the statement was made."

In charging intoxication the court contrasted testimony of the social worker that Robin had told her that defendant had stabbed her in a "drunken, jealous rage" with Robin's in-court testimony that she did not recall whether or not she had made such a statement. The social worker's testimony, however, did not furnish direct evidence of intoxication, since defense counsel sought to introduce the testimony solely as a prior inconsistent statement to impeach Robin and since the court clearly admitted it for that limited purpose. (Compare, Richardson, Evidence § 502, at 488; § 501, at 487 [Prince 10th ed].)

Defendant's bother, Peter Stevenson, testified that he observed defendant drinking at 11:30 P.M. or 12:30 A.M., some six or seven hours before the crimes. However, that defendant was drinking the night before the incident is not a sufficient basis for an intoxication charge, especially since Peter merely stated that defendant "was drinking"; he did not state that defendant exhibited any signs of intoxication. Since the trial court did not refer to Peter's testimony in its intoxication charge, it apparently reached the same conclusion.

The only evidence regarding defendant's condition at the time of the incident was Robin's testimony that defendant was not intoxicated or under the influence of drugs. Moreover, Robin testified that at the time of the stabbing, defendant told her, "Bitch, [you] are going to die." Talaya testified that when defendant caught up with her on the stairwell between the second and third floors he told her that if she did not jump out of the window he would stab her and that he pulled her hands from the window's safety bars, causing her to fall to the ledge on the second floor. Although this testimony would not have precluded a finding that intoxication prevented defendant from forming the requisite intent to commit the crimes, in the

---

* No portion of the statement should have been admitted. As the prosecutor argued in seeking to keep this evidence from the jury, the social worker's notes and testimony regarding her conversation with Robin were confidential communications protected from disclosure by CPLR 4508 (a). (See, People v Tissois, 72 NY2d 75, 78.) In addition, although the notation in the report indicating that Robin described defendant's condition at the time of the attack as a "drunken, jealous rage" would have, were it not for the privilege, been admissible as a prior inconsistent statement to impeach Robin's testimony (see, Richardson, Evidence § 502, at 488 [Prince 10th ed]), but not for its truth (id., § 501, at 487), the remainder of the social worker's notes constituted inadmissible hearsay and not, as defense counsel argued at trial, a past recollection recorded. (See, Richardson, Evidence § 471, at 462.)

absence of any evidence of intoxication it showed that defendant was acting, not recklessly, but with the intent to cause, at a minimum, serious physical injury.

Accordingly, we hold that, on the facts of this case, it was not error to refuse defendant's request to charge reckless assault as a lesser included offense of intentional assault with respect to the stabbing of Robin. Defendant should not be permitted to parlay the benefit conferred upon him by the unwarranted intoxication charge into an entitlement to an instruction for a crime which, by any reasonable view of the evidence, he did not commit. A fortiori, defendant was not entitled to a lesser included offense charge with respect to the intentional assault count (Penal Law § 120.05 [2]) involving Talaya, since he did not request such a charge and advances this argument for the first time on appeal.

Finally, we note that as defendant could not be simultaneously convicted of assault in the first degree under the third count of the indictment and the lesser included offense of assault in the second degree under the fourth count, both of the latter counts should have been deemed dismissed upon defendant's conviction of the former. *(See, People v Allen,* 147 AD2d 352, *lv denied* 73 NY2d 1010.)

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.