■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SMALLWOOD, Appellant.—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered August 20, 1990, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of imprisonment of 2 to 4 years, unanimously affirmed.

The trial court properly refused defendant's request to charge attempted grand larceny. "To establish entitlement to a lesser included offense charge, the defendant must show (1) that the additional offense he seeks to have charged is a 'lesser included offense' * * * and (2) that, in the particular case, there is a reasonable view of the evidence that would support a finding that he committed the lesser offense but not the greater." *(People v Stevenson,* 157 AD2d 563, 564, *lv denied* 77 NY2d 882.) Evidence at trial was that defendant grabbed cash from the victim's pocketbook and returned a $5 bill when the victim demanded her money back; then, when the victim pursued defendant to recover the rest of her money, defendant returned two more $5 bills, and in both instances, defendant told the victim to "[t]ake [her] money". Viewing the testimony in a light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704, 705), there is no reasonable view that defendant merely attempted to take the victim's property. Accordingly, an instruction on the crime of attempted grand larceny was not warranted.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.