■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY LUPINACCI, Appellant. [595 NYS2d 76] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered January 8, 1992, convicting him of obstructing governmental administration in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Putnam County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant contends that the evidence proffered by the People was legally insufficient to establish his guilt of obstructing governmental administration in the second degree *(see,* Penal Law § 195.05). We agree. As charged in the underlying indictment, which also included a charge of assault in the second degree, of which the defendant was acquitted, the defendant was alleged to have struggled with the police to avoid being handcuffed, and walked away from the arresting officer, ignoring orders to stop. However, a defendant may not be convicted of obstructing governmental administration or interfering with an officer in the performance of an official function unless it is established that the police were engaged in authorized conduct *(see, People v Vogel,* 116 Misc 2d 332; *People v Simon,* 145 Misc 2d 518; *People v Stumpp,* 129 Misc 2d 703, *affd* 132 Misc 2d 3). In the instant case, the police were not authorized to attempt to detain the defendant because, under the circumstances, they did not possess a reasonable suspicion that the defendant was involved in criminal activity *(cf., People v Martinez,* 80 NY2d 444; *People v De Bour,* 40 NY2d 210). Thus, the defendant was free to walk away, and any attempt to detain him was unauthorized *(see, People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023).

Moreover, as the police were not authorized to place the defendant under arrest, his conviction for resisting arrest must also be set aside *(see, People v Peacock,* 68 NY2d 675).

In light of our determination on the foregoing issues, we need not consider the defendant's remaining contentions. Lawrence, J. P., Eiber, Miller and Pizzuto, JJ, concur.