■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEB MORROW, Appellant. [690 NYS2d 541] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered January 26, 1996, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, assault in the second degree and resisting arrest, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years on the second-degree

weapon possession conviction, 3½ to 7 years on the third-degree weapon possession conviction, 3½ to 7 years on the assault conviction and 1 year for the resisting arrest conviction, consecutive to a term of 3½ to 7 years on the reckless endangerment conviction, unanimously affirmed.

The court properly instructed the jury that possession of an unlicensed, loaded firearm is presumptive evidence of intent to use it unlawfully against another (*People v Gibbs*, 254 AD2d 209).

Defendant was not deprived of a fair trial when the court modified its pretrial *Ventimiglia* (*People v Ventimiglia*, 52 NY2d 350) ruling. Prior to trial the court precluded, as unduly prejudicial, any evidence about a bag found in defendant's car that contained equipment capable of being used to commit robberies. During the trial, the relevance of the innocuous bag itself, as opposed to its contents, became apparent, and the court modified its ruling accordingly. Defendant has not shown how this modification, which still excluded the contents of the bag, disrupted his trial strategy or otherwise caused him any undue prejudice.

The verdict was based on legally sufficient evidence. Contrary to defendant's argument, his actions in loading and cocking the weapon and in resisting arrest constituted a sufficiently direct cause of the officer's injury to sustain the charge of assault in the second degree (*see, People v Kibbe*, 35 NY2d 407), because defendant set in motion a chain of events from which some injury to an officer was foreseeable even if the actual injury suffered and the exact manner by which it came about were not foreseeable (*see, Matter of Anthony M.*, 63 NY2d 270, 280).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.