■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LINYEAR, Appellant. [807 NYS2d 651]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered May 11, 2004, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court providently exercised its discretion in precluding the defendant from entering into evidence a notarized, written statement of a nontestifying third party, who stated that the controlled substance found in the defendant's car belonged to her and that the defendant did not know it was there. In order for a declaration against penal interest to be admissible at trial, the proponent must establish that: (1) the declarant was unavailable as a witness at trial, (2) when the statement was made the declarant was aware that it was adverse to his or her penal interest, (3) the declarant had competent knowledge of the facts underlying the statement, and (4) "most important, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability" (*People v Settles*, 46 NY2d 154, 167 [1978]; *see People v Brensic*, 70 NY2d 9, 15 [1987]). The defendant submitted no evidence and made no offer of proof to establish that the declarant was unavailable (*see People v Brensic, supra; People v Settles, supra; People v Anderson*, 153 AD2d 893, 896 [1989]). Moreover, the defendant failed to show supporting circumstances, independent of the statement, that would attest to its trustworthiness and reliability (*see People v Brensic, supra; People v Settles, supra*).

The defendant's remaining contentions are without merit. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.