THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATESHA FOWLER, Appellant. [818 NYS2d 612]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), April 12, 2004, convicting her of gang assault in the first degree, gang assault in the second degree, assault in the second degree, robbery in the first degree, and robbery in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the verdict finding the defendant guilty of gang assault in the first and second degrees while acquitting three codefendants of such charges was neither inconsistent nor repugnant (*see People v Tucker*, 55 NY2d 1 [1981]).

The defendant's contention that she was deprived of her due process right to a fair trial by the court's preclusion of certain questions posed by a codefendant's counsel is unpreserved for appellate review (*see People v Buckley*, 75 NY2d 843 [1990]; *People v Pulliam*, 281 AD2d 437 [2001]). In any event, this contention is without merit since the subject questions were not in proper form (*see People v Gonzalez*, 184 AD2d 579 [1992]).

The County Court properly refused to admit the unsworn statements made by a codefendant's boyfriend admitting to causing the complainant's injuries. There was insufficient evidence to assure the trustworthiness and reliability of these out-of-court statements (*see People v Shortridge*, 65 NY2d 309 [1985]; *People v Linyear*, 25 AD3d 811 [2006]; *People v Cruz*, 144 AD2d 686 [1988]). Therefore, the statements did not qualify as declarations against penal interest, and were inadmissible hearsay (*see People v Settles*, 46 NY2d 154 [1978]).

The defendant's contention that the County Court erred in failing to comply with the requirements of CPL 320.20 (5) is unpreserved for appellate review (*see People v Ramos*, 19 AD3d 436 [2005]; *People v Wright*, 2 AD3d 546 [2003]). In any event, the trial judge's failure to state on the record and prior to summation the counts upon which he would render a verdict did not constitute reversible error. Although he failed to comply with CPL 320.20 (5), this error was harmless (*see People v Miller*, 70 NY2d 903, 907 [1987]; *People v Brown*, 133 AD2d 463, 464 [1987]; *People v Pitello*, 97 AD2d 801 [1983]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.