■ In the Matter of DEREK C., a Person Alleged to be a Juvenile Delinquent, Appellant. [843 NYS2d 44]—

Order of disposition, Family Court, Bronx County (Juan M. Merchan, J.), entered on or about January 3, 2007, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of assault in the second and third degrees and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court's findings were supported by sufficient evidence and were not against the weight of the evidence. The evidence established that appellant, with intent to prevent a police officer from performing a lawful duty, caused injury to the officer (Penal Law § 120.05 [3]). There was a sufficiently direct link between appellant's continuous struggle to break free from the officer's hold and the officer's ensuing elbow injury, which occurred when the officer performed a tripping maneuver in order to subdue appellant (*see e.g. People v Morrow*, 261 AD2d 279 [1999], *lv denied* 93 NY2d 1023 [1999]). As he felt his grip slipping on the struggling appellant, the officer warned appellant that he would have to "take him down" if the appellant continued to resist. The officer performed a tripping maneuver, which caused both the officer and appellant to fall, and resulted in the injury. Given the officer's warning to appellant, the injury was clearly a foreseeable result of appellant's own behavior.

The evidence also supported the finding that appellant recklessly injured the officer (Penal Law § 120.00 [2]). We have considered and rejected appellant's remaining arguments. Concur—Mazzarelli, J.P., Saxe, Sullivan, Catterson and Kavanagh, JJ.