FOURTH DEPARTMENT, JANUARY, 2008

(January 9, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONZO PEREZ, Appellant. [851 NYS2d 747]—

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered April 25, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), resisting arrest and obstructing governmental administration in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion in the interest of justice, the indictment is dismissed and the matter is remitted to Herkimer County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the second

degree (Penal Law § 120.05 [3]) and one count each of resisting arrest (§ 205.30) and obstructing governmental administration in the second degree (§ 195.05). The conviction arises out of an altercation with police officers who were investigating the origin of loud music emanating from defendant's apartment building. When the first two officers arrived at defendant's apartment, defendant opened the door a crack and stated that he had just gotten out of the shower and was not wearing any clothes. Defendant initially refused to give his name in response to repeated inquiries from one of the officers, and he then gave a name and date of birth for which a record search revealed no matches. When the officers advised defendant that his neighbor had given them defendant's name, defendant initially replied that he did not need to give his name but soon thereafter provided his correct name and date of birth. When one of the officers informed defendant that he was under arrest for criminal impersonation, disorderly conduct and obstructing governmental administration, defendant attempted to shut his door. A second officer grabbed defendant and pulled him from his apartment. Defendant struck those two officers in the ensuing struggle.

Defendant contends that the evidence is legally insufficient to support the conviction. Although defendant preserved that contention for our review only with respect to the charge of resisting arrest (see *People v Gray*, 86 NY2d 10, 19 [1995]), we exercise our power to review defendant's contention with respect to the remaining charges as well, as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). "[T]he crime of resisting arrest does not occur if the arrest is illegal or unlawful" (*People v Stevenson*, 31 NY2d 108, 111 [1972]; see *People v Peacock*, 68 NY2d 675, 676 [1986]), and we conclude that the evidence is legally insufficient to establish that the arrest was lawful. The arresting officers lacked reasonable cause to believe that defendant committed an offense in their presence (see CPL 140.10 [1] [a]). Defendant was not required to respond to the officers' request for identification or to open his door to the officers (see *People v Offen*, 96 Misc 2d 147, 150 [1978]). Further, the officers were aware that defendant initially provided a fictitious name, and thus they lacked reasonable cause to believe that defendant had committed the crime of criminal impersonation (see generally *People v Sadiq*, 236 AD2d 638, 639 [1997], *lv denied* 89 NY2d 1100). In sum, none of the manifestations of defendant's exercise of the "right 'to be let alone' and to refuse to respond to police inquiry" provided justification for defendant's arrest (*People v May*, 81 NY2d 725, 728 [1992]). Because the arrest was not authorized, the evidence is legally insufficient to support the conviction of resisting arrest (see *Peacock*,

68 NY2d at 677; *see generally People v Jones*, 9 NY3d 259 [2007]), obstructing governmental administration (*see People v Vogel*, 116 Misc 2d 332 [1982]; *see also People v Lupinacci*, 191 AD2d 589 [1993]) and assault in the second degree under Penal Law § 120.05 (3) (*see People v Milhouse*, 246 AD2d 119, 123 [1998]; *see generally People v Voliton*, 83 NY2d 192, 195 [1994]). We therefore reverse the judgment, dismiss the indictment and remit the matter to County Court for proceedings pursuant to CPL 470.45. In view of our decision, we do not address defendant's remaining contentions. Present—Gorski, J.P., Martoche, Smith, Centra and Green, JJ.