■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY MYNIN, Appellant. [872 NYS2d 50]—

Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered February 20, 2007, convicting defendant, after a jury trial, of gang assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

The crime of second-degree gang assault (Penal Law § 120.06) requires, among other things, that a defendant be "aided by

two or more other persons actually present." Defendant was jointly tried with three codefendants, each of whom was acquitted of all charges.

The court correctly instructed the jury that in order to convict a defendant of gang assault it was not obligated to convict any other defendants of that crime, and that a person may be "aided by two or more other persons actually present" even if those persons lack the mental culpability to be guilty as accomplices under Penal Law § 20.00 (*see People v Sanchez*, 57 AD3d 1 [2008]). The court's instructions, viewed as a whole, properly distinguished between the concepts of "aiding" and "acting in concert," and were not confusing.

Defendant did not preserve his contention that the verdict finding him guilty of gang assault while acquitting all the codefendants was repugnant (*see People v Stahl*, 53 NY2d 1048, 1050 [1981]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The issue of repugnancy is evaluated solely by reference to the court's charge (*see People v Tucker*, 55 NY2d 1 [1981]), which clearly permitted the mixed verdict at issue. Furthermore, the fact pattern permitted the jury to conclude that the codefendants, who were "actually present" at the scene, "aided" defendant's assault of the victim for purposes of satisfying the gang assault statute, even if the codefendants were not themselves guilty of participating in the assault either as principals or as accomplices. Moreover, the jury could have found that there were multiple participants, while also finding, "however illogically," (*id.* at 8), a lack of proof of the identity of the particular codefendants as being those participants (*see People v Maldonado*, 11 AD3d 114, 118 n [2004], *lv denied* 3 NY3d 758 [2004]).

Defendant's complaints as to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We have considered and rejected defendant's ineffective assistance of counsel claims (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Friedman, Nardelli, Sweeny and DeGrasse, JJ.