*843 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered May 17, 2011, convicting him of obstructing governmental administration in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.
The defendant contends that the verdict of guilt was against the weight of the evidence. Upon the exercise of our factual review power (see CPL 470.15 [5]), we conclude that the verdict of guilt on the crime of obstructing governmental administration in the second degree was against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). “A person is guilty of obstructing governmental administration when he [or she] intentionally . . . prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference” (Penal Law § 195.05). Thus, a defendant may not be convicted of obstructing governmental administration unless it is established that the police were engaged in authorized conduct (see People v Lupinacci, 191 AD2d 589 [1993]). As determined by the Supreme Court, the initial chase of the defendant by the police was not supported by reasonable suspicion (see People v Lupinacci, 191 AD2d at 589). Further, in light of the defendant’s acquittal by the jury on the charges of criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree, which we may consider in conducting a weight of the evidence review (see People v Rayam, 94 NY2d 557, 563 n [2000]; People v Otway, 71 AD3d 1052, 1054 [2010]; People v Lindsey, 52 AD3d 527, 530 [2008]), the evidence, when properly weighed, did not prove, beyond a reasonable doubt, that the officer was performing an official function authorized by law when he tried to disarm the defendant following the chase (see People v Perez, 47 AD3d 1192, 1193 [2008]; People v Lupinacci, 191 AD2d at 589; Matter of Verna C., 143 AD2d 94 [1988]). Thus, the record reflects that, when considering whether the People satisfied the “performing an official function” element of the crime of obstructing governmental administration in the second degree, the jury failed to give the weight properly due to its credibility finding that the defendant was not in possession of a weapon (see People v Lindsey, 52 AD3d at 530).
The defendant’s remaining contentions have been rendered academic in light of our determination.
Accordingly, the judgment must be reversed, the indictment *844 dismissed, and the matter remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50. Skelos, J.P, Angiolillo, Chambers and Hinds-Radix, JJ., concur.