Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered January 3, 2012, convicting him of robbery in the third degree, burglary in the third degree, criminal mischief in the third degree, and possession of burglar’s tools, after a nonjury trial, and imposing sentence.
Ordered that the judgment is modified, on the facts, by vacating the conviction of robbery in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of robbery in the third degree beyond a reasonable doubt (see Penal Law § 160.05).
Nevertheless, upon the exercise of our factual review power (see CPL 470.15 [5]), we find the conviction of robbery in the third degree to be against the weight of the evidence. It is undisputed that the defendant entered a commercial warehouse owned by the complainants in order to steal property. While the defendant was in the warehouse, the complainants entered the warehouse. The defendant, upon hearing them enter, hid behind a door, and placed on the floor a crowbar and screwdriver he had brought with him. When the complainants noticed the de *921 fendant, he came out from behind the door and stood looking at them. The complainants testified that the defendant had his right hand in his jacket pocket, creating a bulge, which they believed might have been a weapon. When the complainants told the defendant to leave, he fled, taking with him a backpack which contained property he took from the warehouse. The defendant testified that he had his hand in his pocket because, with his thoughts on escaping, he was holding onto his car keys so that they would not fall out of his shallow pocket.
To convict the defendant of robbery in the third degree, the People were required to prove that the defendant used or threatened the immediate use of physical force upon another person for the purpose of preventing or overcoming resistance to the taking or retention of the property (see Penal Law §§ 160.05, 160.00). The People’s only theory as to how the defendant used or threatened the immediate use of physical force was that the defendant intentionally placed his hand in his pocket in such a way as to simulate possession of a gun.
While the defendant was convicted of robbery in the third degree, he was acquitted of burglary in the second degree. A person is guilty of burglary in the second degree where “he [or she] knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [he or she] [displays what appears to be a . . . firearm” (Penal Law § 140.25 [1] [d]). This Court has held that where an unarmed person “positions his hand in his pocket in a manner that is intended to convey to his victim the impression that he is holding a firearm,” that qualifies as displaying what appears to be a gun (People v Knowles, 79 AD2d 116, 116 [1981]; see People v Lopez, 73 NY2d 214, 220 [1989]). Since the defendant here admitted to knowingly entering the warehouse with the intent to commit a crime therein, the acquittal of burglary in the second degree could only be based upon the People’s failure to prove that the defendant displayed what appeared to be a firearm, or, in other words, upon the People’s failure to prove that the defendant positioned his hand in his pocket in a manner intended to convey to the complainants the impression that he was holding a gun.
The trial court’s factual finding that the defendant did not display what appeared to be a firearm is supported by the record. The trial court, however, failed to give that finding the proper weight with respect to the crime of robbery in the third degree (see People v Lindsey, 52 AD3d 527, 529-530 [2008]). If the People failed to prove that the defendant displayed what appeared to be a firearm by holding his hand in his pocket, then *922 there was no basis on which the trial court could conclude that the defendant’s conduct of holding his hand in his pocket constituted a threat to use immediate physical force upon the complainants in order to overcome their resistance. Accordingly, the verdict of guilt with respect to robbery in the third degree was against the weight of the evidence, and we vacate that conviction and the sentence imposed thereon (see People v Small, 109 AD3d 842 [2013]; People v Lindsey, 52 AD3d at 530).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.