■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW GUEST, SR., Appellant. [8 NYS3d 911]—Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered December 6, 2011, convicting him of assault in the second degree, resisting arrest, obstructing governmental administration in the second degree, attempted criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, disorderly conduct, and menacing in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of the crimes of assault in the second degree, resisting arrest, obstructing governmental administration in the second degree, attempted criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, disorderly conduct, and menacing in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt was not against

the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Leventhal, J.P., Chambers and Cohen, JJ., concur.

Hall, J., concurs in part, and dissents in part, and votes to modify the judgment, on the law and the facts, by vacating the convictions of disorderly conduct, resisting arrest, and obstructing governmental administration in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment, with the following memorandum: I agree with my colleagues that the defendant's convictions of assault in the second degree, attempted criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree were supported by legally sufficient evidence and were not against the weight of the evidence. However, I find that the defendant's convictions of disorderly conduct, resisting arrest, and obstructing governmental administration in the second degree were against the weight of the evidence. Consequently, I respectfully dissent, in part.

"Upon defendant's request, the Appellate Division must conduct a weight of the evidence review" and, thus, "a defendant will be given one appellate review of adverse factual findings" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see* CPL 470.15 [5]). If a finding in favor of the defendant would not have been unreasonable, then "the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d at 348). Once the Court conducts such an analysis, it must then decide whether the verdict finding the defendant guilty beyond a reasonable doubt was warranted. If it appears that the factfinder " 'failed to give the evidence the weight it should be accorded, then the appellate court may set aside the verdict' " (*People v Mateo*, 2 NY3d 383, 410 [2004], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Insofar as relevant here, a person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, he or she obstructs vehicular or pedestrian traffic (*see* Penal Law § 240.20 [5]).

At trial, a police officer testified that the defendant was protesting in the middle of Third Street in the City of Mount Vernon, and that the vehicles behind him were honking and

could not proceed past him. The defendant, taking the stand on his own behalf, testified that he was peacefully protesting by walking on the side of the street, and was not in the middle of the street blocking traffic. The defendant further testified that the only area where vehicular traffic was blocked was at a nearby construction site. A disinterested witness, Darryl Canaday, who was operating his vehicle on Third Street at the time of the incident, testified that the defendant's presence did not affect the flow of traffic, and that traffic was backed up only because of the construction site.

Under these circumstances, an acquittal on the count of disorderly conduct would not have been unreasonable. Furthermore, in my view, the verdict of guilt on the count of disorderly conduct was against the weight of the evidence in light of the testimony of the disinterested witness, which supported the defendant's testimony, and established that the defendant was peacefully protesting and not obstructing any vehicular traffic (*see* Penal Law § 240.20 [5]; *People v Zuckerberg*, 44 Misc 3d 66 [App Term, 2d Dept, 11th & 13th Jud Dists 2014]).

"[A] defendant may not be convicted of resisting arrest . . . unless it is established that the police were engaged in 'authorized' conduct" (*People v Lindsey*, 52 AD3d 527, 529 [2008], quoting *People v Greene*, 221 AD2d 559, 560 [1995]; *see* Penal Law § 205.30). Furthermore, "a defendant may not be convicted of obstructing governmental administration . . . unless it is established that the police were engaged in authorized conduct" (*People v Lupinacci*, 191 AD2d 589, 589 [1993]; *see People v Vogel*, 116 Misc 2d 332 [App Term, 9th & 10th Jud Dists 1982]).

Since, in my opinion, the weight of the credible evidence leads to the conclusion that the defendant was not engaged in behavior that constituted disorderly conduct, it necessarily follows that the arrest of the defendant for such conduct was not authorized (*see People v Lindsey*, 52 AD3d at 529; *People v Perez*, 47 AD3d 1192, 1193 [2008]). Because the defendant's arrest was not authorized, the convictions of resisting arrest and obstructing governmental administration in the second degree were against the weight of the evidence (*see People v Perez*, 47 AD3d at 1193; *People v Lupinacci*, 191 AD2d 589 [1993]).

Accordingly, I respectfully dissent in part, and vote to modify the judgment by vacating the convictions of disorderly conduct, resisting arrest, and obstructing governmental administration in the second degree, and the sentences imposed thereon, and dismissing those counts of the indictment.