■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARON SAMUELS, Appellant. [13 NYS3d 229]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered January 25, 2013, convicting him of assault in the first degree (two counts), gang assault in the first degree, and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.

The defendant was charged with, inter alia, two counts of assault in the first degree, gang assault in the first degree, two counts of burglary in the first degree, and criminal possession of a weapon in the fourth degree. The charges stemmed from an incident inside the apartment of the victim, the defendant's brother-in-law. During the incident, the victim was beaten, and his face was slashed, while the defendant, the defendant's brother, and the defendant's sister's boyfriend were present. After trial, the jury convicted the defendant of two counts of assault in the first degree, gang assault in the first degree, and two counts of burglary in the first degree.

The defendant failed to preserve for appellate review his challenges to the legal sufficiency of the evidence supporting his convictions of assault in the first degree, gang assault in the first degree, and burglary in the first degree (see CPL 470.05), and we decline to review them in the exercise of our interest of justice jurisdiction (see e.g. People v Henderson, 120 AD3d 1258 [2014], lv granted 25 NY3d 951 [2015]; People v Bridges, 63 AD3d 752, 753 [2009]). However, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15), we determine that the jury verdict convicting the defendant of those charges was against the weight of the evidence.

To convict the defendant of assault in the first degree, the People were required to prove that the defendant either caused serious physical injury to the victim by means of a deadly weapon or a dangerous instrument, or that he disfigured the victim (see Penal Law § 120.10 [1], [2]). To convict the defendant of gang assault in the first degree, the People had to prove that the defendant, with intent to cause serious physical injury to another person and when aided by two or more persons actually present, caused serious physical injury to the victim (see Penal Law § 120.07).

The evidence presented by the People was that the defendant alone caused serious physical injury to the victim by slashing him with an unidentified dangerous instrument. The jury was not charged that the defendant was acting-in-concert with the others. While the defendant was convicted of two counts of assault in the first degree and gang assault in the first degree, he was acquitted of criminal possession of a weapon in the fourth degree. In conducting our weight of the evidence review,

we may consider the jury's acquittal of the defendant on that count (*see People v Rayam*, 94 NY2d 557, 563 [2000]; *People v Johnson*, 110 AD3d 920, 921-922 [2013]; *People v Small*, 109 AD3d 842, 843 [2013]). Given the victim's testimony that, during the struggle, he heard the defendant say "no, don't stab him, don't stab him," and that he did not see who slashed him, and considering that testimony along with the jury's acquittal of the defendant of criminal possession of a weapon in the fourth degree, we find that the evidence, when properly weighed, did not establish that the defendant caused serious physical injury to the victim or that he did so by means of a dangerous instrument.

While a person is guilty of burglary in the first degree when he or she either knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein (*see* Penal Law § 140.30), here, the trial court, without objection, erroneously instructed the jury that, in order to find the defendant guilty of the two counts of this charge, the People were required to prove that the defendant "unlawfully entered *and* remained" in the victim's dwelling (emphasis added). Since the People did not object to this erroneous charge, they were "bound to satisfy the heavier burden" (*People v Malagon*, 50 NY2d 954, 956 [1980]; *see People v Singh*, 128 AD3d 860 [2015]). Given that the evidence demonstrated that the defendant knocked on the victim's door and announced his presence, and that the victim voluntarily invited the defendant into the apartment, the People failed to satisfy their burden as to these two counts.

In light of our determination, we need not address the defendant's remaining contentions. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.