THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY COFIELD, Appellant. [14 NYS3d 693]—

Appeals by the defendant from two judgments of the Supreme Court, Queens County (Latella, J.), both rendered March 13, 2012, convicting him of obstructing governmental

administration in the second degree under indictment No. 10485/10, and assault in the second degree (two counts) under indictment No. 10358/11, after a nonjury trial, and imposing sentences.

Ordered that the judgment convicting the defendant of obstructing governmental administration in the second degree under indictment No. 10485/10, is reversed, on the facts, that indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50; and it is further,

Ordered that the judgment convicting the defendant of assault in the second degree (two counts) under indictment No. 10358/11, is modified, on the facts, by vacating the conviction of assault in the second degree under count two of that indictment, vacating the sentence imposed thereon, and dismissing that count of that indictment; as so modified, the judgment is affirmed.

According to the evidence presented at trial, on August 2, 2010, police officers pursued Claudia Nunez until Nunez entered an apartment in which the defendant was located. After the officers entered the apartment, the defendant said "sic 'em" and released a pit bull, which then bit the face of one of the officers. After a nonjury trial, the defendant was convicted of one count of obstructing governmental administration in the second degree, one count of assault in the second degree under Penal Law § 120.05 (2) for intentionally causing physical injury to another person by means of a dangerous instrument, and one count of assault in the second degree under Penal Law § 120.05 (3) for causing physical injury to a police officer with the intent to prevent the officer from performing a lawful duty. The defendant appeals, contending that the verdict was against the weight of the evidence.

"[A] defendant may not be convicted of obstructing governmental administration unless it is established that the police were engaged in authorized conduct" (*People v Small*, 109 AD3d 842, 843 [2013]). Similarly, "[t]o sustain a conviction of assault in the second [or first] degree under Penal Law § 120.05 (3), the People must establish that the injured police officer was engaged in a lawful duty at the time of the assault by the defendant" (*People v Hurdle*, 106 AD3d 1100, 1103 [2013] [internal quotation marks omitted]).

As we held in *People v Nunez* (111 AD3d 854 [2013]), the police officers' pursuit of Nunez and their entry into the apartment where the defendant was located were unlawful (*see id.*

at 855-856). Accordingly, the verdict was against the weight of the evidence as to the counts of obstructing governmental administration in the second degree and assault in the second degree under Penal Law § 120.05 (3), and we vacate those convictions and the sentences imposed thereon (*see People v Small*, 109 AD3d at 843; *People v Hurdle*, 106 AD3d at 1103-1104; *People v Lindsey*, 52 AD3d 527, 529-530 [2008]; *People v Voliton*, 190 AD2d 764, 766-767 [1993], *affd* 83 NY2d 192 [1994]).

With respect to the assault in the second degree count under Penal Law § 120.05 (2), however, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.