THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL CHAVEZ, Appellant. [31 NYS3d 603]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered March 19, 2012, convicting him of gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.

During a fight that occurred on a Queens street on September 21, 2009, the complainant was slashed twice in the face, while the defendant, his codefendant, and an uncharged person were present. The defendant was charged with two counts of assault in the first degree, criminal possession of a weapon in the third degree, and gang assault in the second degree, and the codefendant was charged with gang assault in the second degree and assault in the third degree. The testimony at trial indicated that during the fight, the victim was not sure who slashed him. Afterwards, the victim made inconsistent statements as to the identity of the slasher, and various witnesses gave conflicting accounts as to whether the defendant was involved in the fight or was a mere bystander. The jury convicted the defendant of gang assault in the second degree and acquitted him of the other charged offenses. The codefendant was acquitted of all charges.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of gang assault in the second degree beyond a reasonable doubt (*see* Penal Law § 120.06; *People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Washington*, 31 AD3d 795, 795 [2006]). Contrary to the defendant's contention, the jury's acquittal of him on the counts of assault in the first degree and criminal possession of a weapon in the third degree does not establish that the

evidence was legally insufficient to support his conviction on the count of gang assault in the second degree (*see People v Nunez*, 82 AD3d 1128, 1129 [2011]; *People v Ariza*, 77 AD3d 844, 846 [2010]). Similarly, the acquittal of the codefendant on the count of gang assault in the second degree did not require the defendant's acquittal on that charge (*see People v Mynin*, 58 AD3d 581, 582 [2009], *affd sub nom. People v Sanchez*, 13 NY3d 554 [2009]; *People v Fowler*, 31 AD3d 784, 785 [2006]).

However, upon the exercise of our factual review power (*see* CPL 470.15) we conclude that the verdict convicting the defendant of gang assault in the second degree was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d at 348).

While weight of the evidence review does not require that we ascertain the basis for any implied inconsistencies in a jury verdict (*see People v Rayam*, 94 NY2d 557, 562 [2000]), we may consider an acquittal on a particular count in performing our weight of the evidence review (*see People v Samuels*, 130 AD3d 757, 759 [2015]; *People v Johnson*, 110 AD3d 920, 921 [2013]; *People v Small*, 109 AD3d 842, 843 [2013]; *People v Fisher*, 104 AD3d 868, 869 [2013]; *People v Lindsey*, 52 AD3d 527, 529 [2008]). Here, given the jury's acquittal of the defendant on both counts of assault in the first degree and the count of criminal possession of a weapon in the third degree, and in light of the inconsistent accounts regarding the defendant's involvement in the incident and the identity of the slasher, we find that the evidence, when properly weighed, did not establish beyond a reasonable doubt that the defendant, as either a principal or an accessory, caused serious physical injury to the victim or that he did so by means of a dangerous instrument (*see People v Samuels*, 130 AD3d at 759).

In light of our determination, we do not address the defendant's remaining contentions. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.