People v Smajlaj (2018 NY Slip Op 02418)





People v Smajlaj


2018 NY Slip Op 02418


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


3996/12 6206 6205

[*1] The People of the State of New York, Respondent,
v Adriano Smajlaj, Defendant-Appellant.
The People of the State of New York, Respondent,
v Arjan Smajlaj, Defendant-Appellant.


Brafman & Associates, P.C, New York (Mark M. Baker of counsel), for Adriano Smajlaj, appellant.
Mischel & Horn, P.C., New York (Richard E. Mischel of counsel), for Arjan Smajlaj, appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered January 17, 2017, convicting defendant Adriano Smajlaj, after a nonjury trial, of attempted assault in the first degree, attempted gang assault in the first degree and assault in the second degree, and sentencing him to an aggregate term of 3½ years, unanimously modified, on the law, to the extent of vacating the second-degree assault conviction and dismissing that charge, and otherwise affirmed. Judgment, same court, Justice and date, convicting defendant Arjan Smajlaj, after a nonjury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of four years, unanimously affirmed.
The verdicts convicting both defendants were supported by legally sufficient evidence, and were not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations.
Regarding defendant Arjan Smaljaj, his act of displaying a loaded pistol, racking the slide, and aiming it at the victim during an altercation sufficed to show he intended to use it unlawfully (People v Toribio, 216 AD2d 189, 189 [1st Dept 1995], lv denied 87 NY2d 908 [1995]). The evidence also supports the conclusion that the pistol recovered by the police was the same pistol wielded by Arjan.
We perceive no basis for either vacating Arjan's conviction or reducing his sentence in the interest of justice.
Regarding defendant Adriano Smaljaj, the evidence showed that he stabbed the victim in the stomach, resulting in an abdominal wound close to the victim's vital organs and that he did so with the intent to cause serious physical injury (see People v Gilford, 65 AD3d 840 [1st Dept 2009], affd 16 NY3d 864 [2011]).
The court properly denied Adriano's request to consider the defenses of justification and intoxication. There was no reasonable view of the evidence, viewed most favorably to Adriano, that would support a conclusion that he reasonably believed the victim was about to use deadly physical force, or that, at the actual time of the incident, he was so intoxicated he could not form the requisite intent.
When the court acquitted Adriano of the charge of first-degree assault, and convicted him of attempted first-degree assault as a lesser included offense, it should not have gone on to convict him of second-degree assault as an additional, lesser included offense of first-degree assault (see CPL 300.50[4]). Accordingly, the conviction of second-degree assault is vacated and the charge dismissed (People v Stevenson, 157 AD2d 563, 566 [1st Dept 1990], lv denied 77 NY2d 882 [1991]).
The court's verdicts convicting Adriano of attempted gang assault in the first degree but acquitting Arjan and a third defendant were not repugnant. Even assuming, without deciding, that the general principles expressed in People v Tucker (55 NY2d 1 [1981]) upholding factually illogical verdicts are not necessarily applicable to a nonjury trial, we find that the court had a basis on which to find that only Adriano had the intent to cause serious physical injury to the victim, and that the others aided him, but did so with a culpable mental state that fell short of Adriano's (see People v Sanchez, 13 NY3d 554, 564 [2009]; People v Mynin, 58 AD3d 581 [1st Dept 2009], affd 13 NY3d 554 [2009]).
Finally we find that Adriano's statement to detectives, as testified to at trial and at the suppression hearing, was in sum and substance the same as the noticed statement (see generally CPL 710.30; People v Lopez, 84 NY2d 425, 428 [1994]). Moreover, Adriano had a full opportunity to challenge the statement's voluntariness.
We have considered defendants' remaining contentions and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK